Willis ESKRIDGE *v.* GOLDMAN & CO.
and AETNA CASUALTY & SURETY CO.

CA 79-338                                598 S.W. 2d 425

Court of Appeals of Arkansas
Opinion delivered April 2, 1980
Review Denied May 14, 1980
Released for publication May 14, 1980

*Robert R. Cortinez* and *John Wesley Hall, Jr.,* of counsel, for appellant.

*Friday, Eldredge & Clark,* by: *Joseph E. Kilpatrick,* for appellees.

MARIAN F. PENIX, Judge. Claimant fell from a forklift on April 29, 1977. He was knocked unconscious. This occurred while he was employed by Goldman & Co.

He returned to work May 29, 1977, with permission of his doctor Dr. Worthie Springer. After working nine days he had to quit because of pain. Dr. Springer referred him to Dr. John Hundley. Claimant remained off work until late August 1977. He returned to Goldman & Co but was not rehired. In late August he began to work with Southern Oil Mill. He did not work every day. Some days the plant had breakdowns. Other days he was unable to work because of pain. He stopped working in October 1978 because of back trouble and arthritis. Claimant, 63 years old, began to draw Social Security when he left Southern Oil Mill. The only pre-award payment to Claimant from the employer's carrier, Aetna Casualty & Surety Co., was for $317.59 paid on July 25, 1977.

The Administrative Law Judge awarded temporary total disability benefits from April 30, 1977 to August 29, 1977 with the exception of a nine day period which claimant worked. He further awarded benefits representing 10% permanent partial disability to the body as a whole. The Workers' Compensation Commission affirmed the award. Claimant appealed alleging he is totally and permanently disabled. He alleges error in the finding of a weekly rate less than $84.00. The claimant also contends respondents should have been penalized for late payments of temporary total, and the claimant should have been reimbursed for mileage expenses for medical treatment.

I

We must determine, from a careful study of the record, whether the Commission had substantial evidence to support its award of 10% permanent partial disability.

The claimant was off work for approximately 3 months following the injury — or until late August, 1977. At that time, he began work with Southern Oil Mill and continued there for 13 months.

Dr. John Hundley, orthopedic surgeon, reported he could find no permanent disability. Dr. Worthie Springer found 10% permanent partial disability. We find substantial evidence to support the Commission's determination.

## II

The Commission found the compensation rate to be $76.65. The Claimant contends it should be $84.00.

The only real evidence indicating claimant's weekly wage was the A-8 filed by the employer. This showed the average weekly wage to have been $115.00. The Commission based its award on this figure.

Although the claimant testified he worked overtime, his testimony was vague and inconclusive. The claimant introduced into evidence his 1976 tax return. The hearing, however, was in March 1979. He did not introduce his tax return for 1977 nor for 1978. He did not introduce a W-2 nor did any fellow employee testify as to the amount of work he performed at Goldman & Co.

Goldman & Co. had gone out of business before the hearing and there were no records available. However, the claimant has the burden of proving his case by a preponderance of the evidence. The finding of the administrative law judge, adopted by the Commission, was that the claimant did not meet his burden of proving his average weekly wage was more than $115.00 per week as reported on the A-8. We hold the A-8 and the testimony of Sheryl Lipscomb, the employee of Aetna, to be substantial evidence upon which the Commission could and did make its award based upon the average weekly wage of $115.00.

## III

Claimant is seeking 6% penalty on the entire award. The carrier concedes the first installment was not paid within the fifteen days as reqired by Ark. Stat. Ann. § 81-1319(e) and that claimant is entitled to 6% penalty on the July 27, 1977

payment. We find § 81-1319(e), supra, applies only to installments payable without an award:

> (e) If any installment of compensation payable without an award is not paid within fifteen [15] days after it becomes due, as provided in subsection (b), there shall be added to such unpaid installment an amount equal to six [6] per centum thereof . . . .

Therefore, the 6% penalty is applicable only to the late payment of $317.59. This penalty should be paid by the carrier to the claimant.

### IV

Claimant contends he is entitled to a flat rate of 15 cents per mile for 382 miles spent going to and from the offices of Drs. Springer and Hundley. He is claiming a mileage allowance. The burden is on the claimant to prove he is entitled to reimbursement of expenses incurred in traveling to and from the doctors' offices. *Horseshoe Bend Builders* v. *Sosa,* 259 Ark. 267, 532 S.W. 2d 182 (1976). The record reflects a certain number of trips were made. Also the record reflects the distance from the claimant's home to the doctors' offices. However, there is nothing in the record showing actual expenses incurred. If we are left to conjecture we could imagine the trips were made by bicycle, by automobile, or perhaps by foot. Without some proof there can be no award for travel.

Affirmed as modified.